IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED BY _____ D.C.

07 FEB 22 AM 11:45

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELLE GLADE CHEVROLET-CADILLAC-BUICK-PONTIAC-OLDSMOBILE, INC. and PLATTNER AUTOMOTIVE GROUP, INC. )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>**07-80169**<br>**CIV-HURLEY**<br>/ HOPKINS<br><br>INJUNCTIVE RELIEF REQUESTED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, male, and retaliation and to provide appropriate relief due to Raymond Strack ("Strack") who was adversely affected by such practices. As stated with greater particularity in the paragraphs below, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Mr. Strack was sexual harassed by a co-worker and the Defendants failed to take appropriate action to stop it. The Commission further alleges that Defendants retaliated against Mr. Strack for opposing the unlawful sexual harassment by terminating his employment with Defendants.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Plattner Automotive Group, Inc. has continuously been a Florida corporation, doing business in the State of Florida and the City of Belle Glade, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Plattner Automotive Group, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Belle Glade Chevrolet-Cadillac-Buick-Pontiac-Oldsmobile, Inc., a car dealership, has continuously been a Florida corporation, doing business in the State of Florida and the City of Belle Glade, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Belle Glade Chevrolet-Cadillac-Buick-Pontiac-Oldsmobile, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Raymond Strack filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  Since at least October 2004, Defendants have engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a), including, without limitation, the following:

   a. From October 2004 through the beginning of July 2005, one of Mr. Strack's co-workers subjected him to sexual harassment in the form of sexually offensive comments, gestures, and unwelcome touching. The conduct included, but was not limited to: graphic references regarding Mr. Strack engaging in oral and anal sex with him, unzipping his pants and asking Mr. Strack to "pull this," stating that he wanted stick his penis in Mr. Strack's ear, and kissing Mr. Strack on his arm.

   b. Mr. Strack repeatedly objected to the behavior and complained to management throughout his employment.

   c. Defendants terminated Mr. Strack shortly after he informed management of his intent to file a charge of discrimination with EEOC.

10. The effect of the unlawful employment practices complained of in paragraph nine (9) above has been to deprive Raymond Strack of equal employment opportunities, and otherwise adversely affect his status as an employee because of his sex and/or in retaliation for his opposition to unlawful employment practices.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of in paragraph nine (9) above were done with malice or with reckless indifference to the federally protected rights of Raymond Strack.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in sexual harassment or any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from retaliating against any employee for participating in protected activity.

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for men which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendants to make whole Raymond Strack by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, and front pay.

E. Order Defendants to make whole Raymond Strack by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraph nine (9) above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

F. Order Defendants to make whole Raymond Strack by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraph nine (9) above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendants to pay punitive damages for their malicious and reckless conduct described in paragraph nine (9) above, in an amount to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

Jessica L. Jiménez
Trial Attorney
Special Bar No. A5501091
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel. (305) 808-1783
Fax (305) 808-1835
jessica.jimenez@eeoc.gov

JS 44 (Rev. 11/05)                    CIVIL COVER SHEET                    07-80169

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jessica L. Jimenez
U.S. EEOC
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131

### DEFENDANTS
Belle Glade Chevrolet-Cadillac-Buick-Pontiac-Oldsmobile, Inc. and Plattner Automotive Group, Inc.

County of Residence of First Listed Defendant   Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)   CIV - HURLEY / HOPKINS

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

PalmBeach-07-80169-CV-Hurley-Hopkins

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☑ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☑ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
This case is brought to correct unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a) and Section 2000e-3(a).
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE   February 22, 2007

**FOR OFFICE USE ONLY**
AMOUNT _____   RECEIPT # _____   IFP _____